UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MANES PIERRE,
        Plaintiff,

v.                                              CIVIL ACTION NO. 17-30105-KAR

MICHELLE A. CRISTELLO, RENEE KHAN,
HON. EDWARD DONNELLY JR., and
HON. THERESA J. BISENIUS
        Defendants.

## REPORT AND RECOMMENDATION

**ROBERTSON, M.J.**

For the reasons stated below, the Court will allow the motion to proceed *in forma pauperis* and recommend that the action be dismissed.

**I.    Background**

*Pro se* plaintiff Manes Pierre filed a self-prepared complaint against two state court judges, the Commissioner of the Department of Revenue and a Massachusetts Department of Revenue Counsel. Plaintiff claims that defendants deprived plaintiff of his constitutional rights, apparently in two proceedings in the Massachusetts state courts relating to his child support obligations and divorce. Plaintiff alleges that the Courts and agencies of the Commonwealth are motivated "by the need to increase the court revenue by denying plaintiff access to justice" and that plaintiff was "deprived of his constitutional rights for the monetary benefit of the defendants." Citing to a 2013 Boston Globe article about judicial pay raises generally, plaintiff alleges that the Commonwealth's District and Probate Court judges are somehow corrupt and interested in profiting off of persons such as plaintiff.

In particular, plaintiff references two state civil actions in which he was or is a party, styled Department of Revenue et al. v. Pierre, MI 16-W1091-WD (the "Paternity Action") and Pierre v.

Desravines, MI 17D0775-DR (the "Divorce Action"). According to public records, the Paternity Action was undertaken by the Commonwealth of Massachusetts Department of Revenue in relation to plaintiff's support of his minor child, A.P. Plaintiff claims in his complaint he was "ordered" by the Department of Revenue's counsel, defendant Renee E. Kahn, to sign a paternity document. That document was not attached to the complaint. After a hearing on January 27, 2017, a judgment of paternity was entered. Plaintiff attached a copy of the judgment to his complaint. Plaintiff was adjudged the father of the child based upon genetic testing, and ordered to pay prospective and retroactive child support. As a result of that judgment, his bank accounts were garnished. Plaintiff contends that the amounts ordered were erroneous.

The Divorce Action, brought by the plaintiff, is active. Plaintiff claims that the judge in that case issued a temporary child support order on April 13, 2017 that has allegedly impoverished plaintiff. A copy of the Order is attached to the complaint.

Plaintiff in this action seeks injunctive relief, including an order removing all levies and income deduction orders, a return of plaintiff's property, costs, and pain and suffering damages in an amount not less than $1,000,000. Along with his complaint, plaintiff filed a motion to proceed *in forma pauperis*.

## II. Discussion

### A. Plaintiff's Motion to Proceed In Forma Pauperis.

Plaintiff's motion to proceed *in forma pauperis* is ALLOWED. Because the plaintiff is proceeding *in forma pauperis* the amended complaint is subject to screening pursuant to 28 U.S.C. §1915(e). Under this statute, the court should dismiss an action if it is malicious or frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). This Court also has an independent obligation to inquire, *sua sponte*, into its subject matter jurisdiction. See McCulloch v. Velez, 364

F.3d 1, 5 (1st Cir. 2004); Fed. R. Civ. P. 12(h)(3). In conducting this review, the Court must liberally construe the complaint because plaintiff is proceeding *pro se.* See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Even granting this liberal construction, there are legal impediments that warrant dismissal of this action.

      **B.**      **Rooker Feldman Doctrine Bars Plaintiff's Claims relating to Paternity Action and Younger Abstention Doctrine Bars Plaintiff's Claims for Injunctive Relief Relating to the Divorce Action.**

Although the status of the Paternity Action and the Divorce Action is not entirely clear from the complaint, this action in any event is barred by the Rooker Feldman or the Younger abstention doctrine because plaintiff is either impermissibly seeking the assistance of this Court in reviewing a state paternity judgment or in interfering with an on-going state divorce action. The Court, therefore, either has no jurisdiction or should abstain from exercising its jurisdiction.

This Court is without subject matter jurisdiction over claims relating to the closed Paternity Action under the Rooker-Feldman doctrine. D.C. Ct. App. v. Feldman, 460 U.S. 462, 467 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923). Under the Rooker-Feldman doctrine, "lower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments." Littler v. Massachusetts, No. CV 17-11277-RGS, 2017 WL 3495173, at *4 (D. Mass. Aug. 14, 2017). "Thus, even if the challenge is that the state court's action was unconstitutional, this court may not review the challenge." Id. (citing Feldman, 460 U.S. at 485–86). "The Rooker–Feldman doctrine is properly applied where, regardless of how the claim is phrased, the only real injury to…[Plaintiff]… is ultimately still caused by a state-court judgment." DuLaurence v. Telegen, 94 F. Supp. 3d 73, 80 (D. Mass. 2015), aff'd sub nom. Dulaurence v. Telegen et al. (May 5, 2015)(citations and quotations omitted.). "First Circuit precedent is clear that a claim need not

3

directly assert that it is attempting to appeal or attack a state court decision in order to fall within the scope of the Rooker–Feldman doctrine." Id. "Rather, a plaintiff's claims may be an effort to do an end run around the state court's judgment." Id. (citation and quotation omitted). Much of plaintiff's complaint relates to the underlying judgment and orders relating to the Paternity Action. Plaintiff is essentially seeking to have this Court impermissibly sit in review of the state court's judgment and orders. See Royster v. Florida, No. 306CV565/MCR/EMT, 2007 WL 470608, at *3 (N.D. Fla. Feb. 6, 2007)(dismissing action seeking review of child support enforcement proceeding based on the Rooker-Feldman doctrine)). Plaintiff's recourse is to the state appellate courts, not this Court. Accordingly, the Court should dismiss such claims based upon the Rooker Feldman doctrine.

This Court also should decline to interfere with plaintiff's pending state court Divorce Action, under the abstention principles of Younger v. Harris, 401 U.S. 37, 43-45 (1971). Abstention is appropriate because plaintiff's requested relief "would interfere (1) with an ongoing state judicial proceeding; (2) that implicates an important state interest; and (3) that provides an adequate opportunity for the federal plaintiff to advance his federal constitutional challenge." Rossi v. Gemma, 489 F.3d 26, 34–35 (1st Cir.2007). Plaintiff's request for this Court to interfere in plaintiff's on-going Divorce Action meets all of the elements of the Younger test and therefore, the Court should abstain from exercising jurisdiction over these claims. Rogers v. Garner, No. 16-CV-520-JL, 2017 WL 1011456, at *2 (D.N.H. Feb. 15, 2017), report and recommendation adopted, No. 16-CV-520-JL, 2017 WL 1011436 (D.N.H. Mar. 14, 2017)(dismissing action attempting to interfere with divorce proceedings). In fact, the Order plaintiff complains of is a temporary order, indicating that it is subject to review and modification by the Probate and Family Court. Exercise of jurisdiction by this court over such matters is inappropriate.

### C. Eleventh Amendment Immunity Bars Official Capacity Section 1983 Monetary Damages Claims Against All Defendants

Even if the Court had jurisdiction, "[t]he Eleventh Amendment bars actions in federal courts claiming damages against a state and its agencies unless the state has consented to be sued in federal court." Boulais v. Commonwealth of Mass., 2002 WL 225936 at *1 (D. Mass. 2002) (citations omitted). This is true with respect to claims for civil rights violations brought pursuant to 42 U.S.C. § 1983. See Quern v. Jordan, 440 U.S. 332, 344 (1979) (Congress did not override state's Eleventh Amendment immunity in enacting § 1983). The Eleventh Amendment also confers immunity from suit upon state officials when "the State is the real substantial party in interest," that is, when "the judgment sought would expend itself on the public treasury . . . , or interfere with the public administration . . . ." Pennhurst State Sch. & Hosp., 465 U.S. at 101-102, n. 11; see Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) (although state officials are literally persons, a suit against a state official in his official capacity is not a suit against the official but rather is a suit against the official's office). Here, plaintiff has not stated whether his claims are brought against the defendants in their personal or their official capacities Nevertheless, to the extent plaintiff seeks monetary relief for actions taken in a defendant's "official" capacity, such claims are not cognizable under 42 U.S.C. §1983. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) (although state officials are literally persons, a suit against a state official in his official capacity is not a suit against the official but rather is a suit against the official's office). Official capacity claims brought against all defendants are therefore barred under principles of Eleventh Amendment immunity and should be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(iii).

### D. Section 1983 Monetary Relief Claims Against Judges are Barred by Absolute Judicial Immunity.

All Section 1983 claims against Judge Edward F. Donnelly and Theresa J. Bisenius for monetary damages are barred by the doctrine of absolute judicial immunity. Becks v. Plymouth County Superior Court, 511 F. Supp. 2d 203, 206 (D.Mass. 2007) ("Absolute immunity from civil liability applies to any judicial officer for any normal and routine judicial act."). "Absolute immunity applies to 'judges performing judicial acts within their jurisdiction,' and the protection it affords applies even if the official 'acted maliciously and corruptly in exercising his judicial ... functions' or 'in the presence of grave procedural errors.'" Ives v. Agastoni, No. CV 15-30153-MAP, 2015 WL 9647559, at *3 (D. Mass. Dec. 14, 2015)(quoting Goldstein v. Galvin, 719 F.3d 16, 24 (1st Cir.2013)), report and recommendation adopted, No. 15-CV-30153-MAP, 2016 WL 79881 (D. Mass. Jan. 5, 2016). All of plaintiff's allegations concerning Judge Donnelly and Judge Bisenius relate to judicial actions in the Paternity Action and the Divorce Action. Accordingly, all claims against Judge Edward F. Donnelly and Judge Theresa J. Bisenius should be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) and (iii).

  **E. Section 1983 Claims against Department of Revenue Counsel Renee E. Khan are Barred by Doctrine of Absolute Prosecutorial Immunity**

All Section 1983 claims for monetary damages against Department of Revenue Counsel Renee E. Kahn are barred under absolute prosecutorial immunity. Defendant Khan is a government attorney apparently performing paternity and child support enforcement activities, which are prosecutorial in nature. See Johnson v. Bd. of Bar Overseers of Mass., 324 F. Supp. 2d 276, 287 (D. Mass. 2004); Gedeon v. Desousa, No. 16-CV-30058-MGM, 2017 WL 2261129, at *4 (D. Mass. Feb. 16, 2017) (Report and Recommendation adopted March 20, 2017). Woodford v. Robillard, No. 2:11-CV-370 CW, 2012 WL 1156400, at *4 (D. Utah Apr. 6, 2012)(dismissing claim against state child support enforcement attorney). From the complaint, it appears that plaintiff is dissatisfied with the results of his Paternity proceeding in which Khan purportedly

participated as the Department of Revenue's counsel. The only particular allegation is that Khan somehow "ordered plaintiff" to sign a "paternity document" that affected his case. Because Plaintiff has alleged that Khan was acting in her capacity as a DOR enforcement attorney, Plaintiff's claims against Khan are barred by prosecutorial immunity.

### F. Claims against Commissioner Michele A. Cristello for Respondeat Superior under § 1983 are Barred.

Plaintiff's individual 28 U.S.C. §1983 claims against Commissioner Michelle A. Cristello also fail as a matter of law. There are no claims against defendant Cristello based on any act she took. Claims against her sounding in *respondeat superior* fail because this theory of recovery is not applicable to civil rights claims under § 1983. "It is well-established that 'only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable'" under § 1983. Velez-Rivera v. Agosto-Alicea, 437 F.3d 145, 156 (1st Cir. 2006) (quoting Cepero-Rivera v. Fagundo, 414 F.3d 124, 129 (1st Cir. 2005)). In the absence of personal involvement, a supervisor is liable for the acts of a subordinate only if (1) the subordinate's behavior results in a constitutional violation and (2) the supervisor's action was "affirmatively linked" to the behavior in the sense that it could be characterized as supervisory encouragement, condonation or acquiescence or gross negligence amounting to deliberate indifference. Hegarty v. Somerset County, 53F. 3d 1367, 1379-80 (1st Cir. 1995) (quotations omitted). While plaintiff complains in broad terms about the policy behind the outcome of the Paternity Action, he fails to allege a cognizable claim against Commissioner Cristello. Accordingly the claims against Cristello should be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

### G. The Court should Decline to Exercise Supplemental Jurisdiction under (28 U.S.C. §1367).

Presuming the Court accepts this recommendation and dismisses all federal claims, the Court should decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. 1367(c)(3).

### III. Conclusion

For the foregoing reasons,

1. Plaintiff's motion to proceed *in forma pauperis* is ALLOWED.

2. The Court RECOMMENDS that the action be DISMISSED in its entirety for the reasons stated in this Memorandum and Order.[1]

**So Ordered.**

/s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
Dated: October 3, 2017                    United States Magistrate Judge

---

[1] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within fourteen (14) days** of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.